1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steven J. Nataupsky (CA SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (CA SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew S. Bellinger (CA SBN 222228)
matt.bellinger@knobbe.com
Jacob R. Rosenbaum (CA SBN 313190)
jacob.rosenbaum@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JIANGSU SITOUGUAI INDUSTRY CO., LTD., a Chinese Corporation, and CHANGZHOU HAIGE MICROFIBER TEXTILE CO., LTD., a Chinese Corporation,<br><br>Defendants. | Civil Action No. **'22CV590  LL    JLB**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Monster Energy Company ("Plaintiff' or "Monster") hereby complains of Defendants Jiangsu Sitouguai Industry Co., Ltd., and Changzhou Haige Microfiber Textile Co., Ltd. ("Defendants"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action for 1) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a), 2) trademark infringement under 15 U.S.C. § 1114, 3) state trademark infringement under California Business & Professions Code § 14245; 4) unfair competition arising under California Business & Professions Code §§ 17200, *et seq.*, and 5) California common-law unfair competition.

2. The Court has original subject matter jurisdiction over the claims that relate to trademark infringement, trade dress infringement, and false designation of origin, pursuant to 15 U.S.C. §§ 1116 and/or 1121(a), and pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this Judicial District and within California. Defendants sell, advertise, market and promote their goods and services in California, including in this Judicial District, and ship products offered in connection with the infringing marks to California, including within this Judicial District. Defendants market and advertise their products online in connection with the infringing marks through the https://4monster.com/ URL, which is available and accessible in California. Upon information and belief, Defendants ship products throughout the USA,

Complaint

including to California and this Judicial District.  Furthermore, Defendants market and sell their products through ecommerce websites which are accessible in California, and this Judicial District, including https://www.amazon.com/s?me=AS1SDRZXN0OV0&marketplaceID=ATVPD KIKX0DER, and https://4monster.en.alibaba.com/.  In addition, by committing acts of trademark infringement, trade dress infringement, and false designation of origin in this Judicial District, including, but not limited to, by using infringing marks and designs in connection with the advertisement, marketing, promotion and rendering of goods and services to customers in this Judicial District, Defendants' acts form a substantial part of the events or omissions giving rise to Monster's claims.

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendants reside in this Judicial District by virtue of being subject to personal jurisdiction within the Judicial District, and a substantial portion of the events complained of herein took place in this Judicial District.

## II.  **THE PARTIES**

5.     Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

6.     Upon information and belief, Defendant Jiangsu Sitouguai Industry Co., Ltd., who is also known as Jiangsu 4monster Industrial Co., Ltd., is a corporation organized and existing under the laws of China, having a registered business address of Baijia Village, Niutang Town, Wujin District; Changzhou City; Jiangsu Province, PRC, 213163, and an actual place of business at 12th Floor, Chuangyan Port, Building No. 3, Science and Education City, Hutang Town, Wujin District, Changzhou City, Jiangsu Province, PRC, 213164.

7.     Upon information and belief, Defendant Changzhou Haige Microfiber Textile Co., Ltd., is a corporation organized and existing under the laws of China, having a registered business address at Baijia Village, Niutang Town, Wujin District; Changzhou City; Jiangsu Province, PRC, 213163, and an actual business address at Xizheng North Road, Niutang Town, Wujin District, Changzhou City, Jiangsu Province, PRC, 213163.

## III.  COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.     Monster and Its Trademarks and Trade Dress

8.     Monster is a nationwide leader in the business of developing, marketing, selling, and distributing beverages.  Monster has achieved extensive exposure and widespread recognition of its MONSTER™ brand through its sponsorship of sports, athletes and teams, among other sponsorships.   In addition to its numerous trademark registrations for beverages, Monster owns trademark registrations for promoting clothing and sports gear and bags, among many other goods and services.

9.     In 2002, long before Defendants' acts described herein, Monster launched its MONSTER ENERGY® drink brand, bearing its now-famous MONSTER and MONSTER ENERGY® marks.

10.     Monster's successful line of MONSTER drinks has grown to include numerous other well-known products, the containers and packaging of which are prominently marked with the MONSTER mark.  The MONSTER line of drinks includes or has included, but is not limited to, original Monster Energy® and Lo-Carb Monster Energy®; Monster Assault®; Juice Monster® Khaos®; Juice Monster® Ripper®; Juice Monster® Pipeline Punch®; Monster Energy® Import; Punch Monster® Baller's Blend™; Punch Monster® Mad Dog™; Monster Energy Unleaded®; Monster Energy Absolutely Zero®; the Monster Energy Ultra® line of drinks, which includes or has included Monster Energy Zero Ultra®, Monster Energy Ultra Blue®, Monster Energy Ultra Red®,

Monster Energy Ultra Black®, Monster Energy Ultra Citron®, Monster Energy Ultra Sunrise®, Monster Energy Ultra Paradise®, and Monster Energy Ultra Violet®; Monster Cuba-Lima®; Ubermonster® (a bio-activated non-alcoholic energy brew produced using brewing technology which converts sugar into organic acids); Monster Rehab®, which has been rebranded to Rehab® Monster™ (a line of non-carbonated energy drinks, which includes or has included Rehab® Monster™ Lemonade, Rehab® Monster™ Strawberry Lemonade, Rehab® Monster™ Peach Tea, Rehab® Monster™ Orangeade and Rehab® Monster™ Raspberry Tea); Java Monster® (a line of dairy based coffee plus energy drinks); Muscle Monster® (a line of energy shakes); Monster Energy Extra Strength Nitrous Technology®, which has been rebranded as Monster Maxx® (a line of energy drinks with a blend of nitrous oxide and carbon dioxide to create a smoother energy drink); Caffé Monster®; Espresso Monster®; Monster Hydro®; and Monster Dragon Tea®, among others (referred to collectively as "MONSTER line of drinks").

11.    Monster is also the owner of numerous trademark registrations for marks that incorporate its famous MONSTER Mark and/or MONSTER ENERGY® Mark, for use in connection with beverages, nutritional supplements, clothing, bags, and other products and services, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 3,923,683 | All purpose sport bags; all-purpose carrying bags; backpacks; duffle bags | 04/02/2009 | 02/22/2011 |
|  | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, | 04/02/2009 | 01/18/2011 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | sweat bands and gloves; headgear, namely, hats and beanies | | |
| MONSTER ARMY | 5,551,192 | Clothing, namely, tops, shirts, t-shirts, hooded shirts, sweat shirts, and jackets<br><br>Providing a web site featuring entertainment information and news on athletes; organizing and conducting educational programs and activities in the nature of classes, workshops, and sports competitions for athletes in the field of athlete development; athlete development program, namely, athlete training and mentoring in the field of wake, ski, surf, snowboard, motocross, mountain bike, BMX, and skate | 11/16/2015 | 08/28/2018 |
|  | 5,551,230 | Clothing, namely, tops, shirts, t-shirts, hooded shirts, sweat shirts, and jackets<br><br>Providing a web site featuring entertainment information and news on athletes; organizing and conducting educational programs and activities in the nature of classes, workshops, and sports | 02/12/2016 | 08/28/2018 |

Complaint

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | competitions for athletes in the field of athlete development; athlete development program, namely, athlete training and mentoring in the field of wake, ski, surf, snowboard, motocross, mountain bike, BMX, and skate | | |
|  | 3,908,600 | Stickers; sticker kits comprising stickers and decals; decals | 04/02/2009 | 01/18/2011 |
|  | 3,914,828 | Sports helmets | 04/02/2009 | 02/01/2011 |
|  | 4,332,062 | Silicone wrist bands; silicone bracelets; jewelry, namely, bracelets and wristbands | 10/05/2012 | 05/07/2013 |
|  | 4,660,598 | Lanyards; Lanyards for holding whistles, keys, eyeglasses, sunglasses, mobile telephones, badges, identification cards, event passes, media passes, photographs, recording equipment, or similar conveniences | 08/26/2013 | 12/23/2014 |
| MONSTER ENERGY | 3,044,315 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/23/2003 | 01/17/2006 |
| MONSTER ENERGY | 4,036,680 | Nutritional supplements in liquid form | 09/11/2007 | 10/11/2011 |

Complaint

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER REHAB | 4,129,288 | Nutritional supplements in liquid form<br><br>Beverages, namely, non-alcoholic non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf-stable; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/06/2010 | 04/17/2012 |
| MONSTER REHAB | 4,111,964 | Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages | 08/24/2011 | 03/13/2012 |
| MONSTER ENERGY | 4,036,681 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/11/2007 | 10/11/2011 |
| MONSTER ENERGY | 3,057,061 | Fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids | 04/18/2002 | 02/07/2006 |

Complaint

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| MONSTER ASSAULT | 4,634,053 | Nutritional supplements in liquid form; vitamin fortified beverages<br><br>Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 11/15/2013 | 11/04/2014 |
| JAVA MONSTER | 3,959,457 | Beverages, namely, soft drinks; non-carbonated energy drinks; non-carbonated sports drinks; soft drinks and non-carbonated energy drinks, all enhanced with vitamins, minerals, nutrients, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 12/08/2005 | 05/10/2011 |

Complaint

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| M MONSTER ENERGY | 3,044,314 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/23/2003 | 01/17/2006 |
| LO-CARB MONSTER ENERGY | 3,852,118 | Nutritional supplements<br><br>Non-alcoholic beverages, namely, energy drinks, drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 02/13/2009 | 09/28/2010 |
| M MONSTER ENERGY | 3,134,842 | Beverages, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 08/29/2006 |
| MUSCLE MONSTER | 4,376,796 | Nutritional supplements in liquid form<br><br>beverages, namely, soft drinks; non-alcoholic and non-carbonated drinks | 07/02/2010 | 07/30/2013 |

Complaint

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| MUSCLE MONSTER | 4,451,535 | Vitamin fortified beverages<br><br>dairy-based beverages; dairy-based energy shakes; energy shakes; coffee energy shakes; chocolate energy shakes | 07/10/2013 | 12/17/2013 |
| JUICE MONSTER | 4,716,750 | Nutritional supplements in liquid form<br><br>Non-alcoholic beverages, namely, energy drinks and drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy | 02/24/2012 | 04/07/2015 |
| MONSTER ENERGY ULTRA | 5,281,559 | Nutritional supplements in liquid form<br><br>Non-alcoholic beverages, namely, carbonated soft drinks, carbonated energy drinks, sports drinks, and soft drinks; energy drinks | 06/12/2014 | 09/05/2017 |

Complaint

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | | |
| UBER-MONSTER | 4,234,456 | Nutritional supplements in liquid form; Beverages, namely, carbonated soft drinks; nonalcoholic carbonated soft drinks and energy drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/09/2010 | 10/30/2012 |
|  | 4,865,702 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 02/02/2015 | 12/08/2015 |

12.   Attached hereto as Exhibits 1-25 are true and correct copies of Monster's trademark registrations identified in paragraph 11 of this Complaint, which are hereby incorporated by reference.   Collectively, those registrations

Complaint

and trademarks, including all common law rights therein, are referred to as the "MONSTER Marks."

13.   Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,908,601, 3,914,828, 4,322,062, 3,044,315, 4,036,680, 4,129,288, 4,111,964, 4,036,681, 3,057,061, 4,634,053, 3,959,457, 3,044,314, 3,852,118, 3,134,842, 4,367,796, 4,451,535, 4,716,750, and 4,234,456 are incontestable.

14.   Monster also owns California Registration No. 108124 for the mark MONSTER for "fruit juice drinks, soft drinks, carbonated soft drinks and soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, aerated water, soda water and seltzer water" in International Class 32, which registered on April 24, 2002.  This registration is valid and subsisting, having been renewed on April 24, 2012 and on April 24, 2017.  Attached hereto as Exhibit 26 is a true and correct copy of the registration.

15.   In addition to its trademark registrations, since 2002, Monster has consistently used a distinctive trade dress in the way it presents its products in both its packaging and promotional materials using the combination of the colors green and black with the word "Monster" (the "MONSTER Trade Dress").  One example of Monster's use of the MONSTER Trade Dress is shown below:



Complaint

16.     Long before Defendant's acts described herein, Monster has used or licensed the use of its MONSTER Marks and/or MONSTER Trade Dress in connection with bags, towels, blankets, sporting equipment, clothing, clothing accessories, gloves, helmets, stickers and decals, headgear, wristbands, beverages, and promotion of goods and services in the sports and fitness industries, as well as many other goods and services.  Examples of bags, towels, blankets, clothing, and other products bearing Monster's MONSTER Marks and MONSTER Trade Dress are shown below:





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







Complaint

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16
17
18



19      17.    There is a large demand for bags, towels, blankets, gear, clothing,

20   and other merchandise bearing Monster's MONSTER Marks and MONSTER

21   Trade Dress.   Monster has entered into license agreements with several

22   manufacturers, granting them a license to produce and sell bags, clothing, and

23   other products that bear Monster's MONSTER Marks and MONSTER Trade

24   Dress.  In the United States, Monster's licensees have sold licensed goods bearing

25   Monster's MONSTER Marks and MONSTER Trade Dress to consumers in all 50

26   states through their own websites and through nationwide retailers.   These

27   licensees also sell the licensed products bearing the MONSTER Marks and

28   MONSTER Trade Dress throughout the world including on websites, in retail

Complaint

stores, and at events.

18.     Monster's MONSTER Marks and MONSTER Trade Dress are the subject of substantial and continuous marketing and promotion by Monster. Since 2002, Monster has spent over $9.8 billion dollars in advertising, promoting, and marketing its MONSTER brand and MONSTER Trade Dress.

19.     Monster's marketing includes, among other things, sponsorship and promotion of athletes, music festivals, sports events, and other live events that are televised nationwide and internationally and that prominently feature the MONSTER Marks.  Monster's sponsored athletes and musicians, which include or have included, Tiger Woods (professional golfer), Conor McGregor (MMA athlete), Lewis Hamilton (Formula 1 driver), Excision (DJ) and Ricky Carmichael (motocross/supercross athlete), are frequently seen using towels, bags, and/or other items bearing the MONSTER Marks.

20.     Monster's MONSTER Marks, and MONSTER Trade Dress were also marketed and promoted while prominently displayed on the Las Vegas monorail (the "Monster Train").   In 2003, Monster engaged in a massive advertising campaign in connection with its sponsorship of the Monster Train, which prominently featured the MONSTER Mark and MONSTER Trade Dress. The Monster Train was featured in *The Wall Street Journal*, *Time* and *USA Today* in 2003, and these articles were read by an estimated 32 million people in the U.S.  In addition, television and internet reports that discussed the Las Vegas Monster Train reached another 70 million readers, and television and radio promotions were circulated to approximately 36 million people in the U.S.

21.     Monster's MONSTER line of drinks has achieved substantial commercial success.  Since 2002, Monster has sold more than 40 billion cans of its MONSTER line of drinks worldwide, which has totaled over $88 billion in estimated retail revenue.  Monster's MONSTER brand has established itself as the best-selling energy drink brand in the United States by unit volume and

dollar value.  While Monster continues to expand its successful MONSTER line of drinks, Monster's best-selling drink is still the original Monster Energy®, which prominently features the colors green and black.

22.    As a result of Monster's substantial use and promotion of its MONSTER Marks and MONSTER Trade Dress, the marks and trade dress have acquired great value as specific identifiers of Monster's products and services and serve to identify and distinguish Monster's MONSTER products and services from those of others.  Customers in this Judicial District and elsewhere readily recognize Monster's MONSTER Marks and MONSTER Trade Dress as distinctive designations of the origin of Monster's MONSTER and MONSTER ENERGY® brand of products, services and promotional items.  The MONSTER Marks and MONSTER Trade Dress are intellectual property assets of enormous value as symbols of Monster and its quality products, services, reputation, and goodwill.

**B.    Defendants' Infringing Activities**

23.    Defendants are engaged in the business of producing, distributing, marketing, and/or selling bags, towels, blankets, clothing and related goods, as well as other products.

24.    Upon information and belief, Defendants also own and operate the website https://4monster.com/.

25.    Defendant Jiangsu Sitouguai Industrial Co., Ltd. is the owner and operator of the ecommerce store https://4monster.en.alibaba.com/ located at Alibaba.com, which is accessible in the United States and in this Judicial District.

26.    Defendant Changzhou Haige Microfiber Textile Co., Ltd. is the owner and operator of the ecommerce store https://www.amazon.com/s?me=AS1SDRZXN0OV0&marketplaceID=ATVPD

KIKX0DER located at Amazon.com, which is accessible in the United States and this Judicial District.

27.     Without permission or consent from Monster, Defendants have sold and are offering for sale goods using a trademark that is confusingly similar to one or more of the MONSTER Marks and/or the MONSTER Trade Dress. Defendants' infringing mark is comprised of the word MONSTER with the number 4.  Defendants' 4MONSTER mark and all variations thereof used by Defendants are referred to herein as the "4MONSTER Mark."  Defendants also frequently use the color combination of green and black in connection with their infringing 4MONSTER Mark.

28.     Some examples of Defendants' products bearing the infringing 4MONSTER Mark and associated trade dress, all of which are currently advertised on Defendants' website, https://4monster.com/, are shown below:




1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17
18
19
20
21
22
23
24
25
26
27
28

29.   Defendants' products are sold and marketed to consumers in the United States and in this Judicial District on the website https://4monster.com/, and on Defendants' ecommerce stores https://4monster.en.alibaba.com/ and https://www.amazon.com/s?me=AS1SDRZXN0OV0&marketplaceID=ATVPD KIKX0DER.

30.   As shown above, Defendants' trademark and trade dress are confusingly similar to Monster's MONSTER Marks and MONSTER Trade Dress.  Like Monster, Defendants incorporate the word MONSTER in the color combination green and black.   Adding to the confusion is the fact that Defendants use a nearly identical shade of green to the shade of green used by Monster.

31.     On August 18, 2017, Defendant Jiangsu Sitouguai Industry, co. Ltd., filed U.S. Application Serial No. 87/573,926 for the mark **4monster** for "bags for climbers in the nature of all-purpose carrying bags; bags for sports; beach bags; garment bags for travel; knapsacks; pouch baby carriers; school bags; travelling bags; vanity cases, not fitted; all-purpose carrying bags for use by campers; business card cases; mesh shopping bags; name card cases; reusable shopping bags; textile shopping bags" in Class 18, and "elastic fabrics for clothing; fabrics for textile use; handkerchiefs of textile; jersey fabrics for clothing; knitted fabrics; labels of textile for identifying clothing; mosquito nets; pet blankets; textile fabrics for use in making clothing and household furnishings; towels of textile; travelling blankets; curtain loops of textile material; face towels of textiles" in Class 24, claiming a first use date of January 1, 2017.

32.     The mark published for opposition on March 26, 2019, and Monster filed an opposition with the Trademark Trial and Appeal Board (the "Board") on May 24, 2019, alleging likelihood of confusion based on Monster's trademark registrations and common law rights.

33.     On August 4, 2019, the Board suspended proceedings and informed Defendant Jiangsu Sitouguai Industry, co. Ltd. of its obligation to secure U.S. counsel to represent it during the proceeding.

34.     On November 13, 2019, the Board issued an order requiring Defendant Jiangsu Sitouguai Industry, co. Ltd. to show cause as to why the Board should not enter judgment in Monster's favor in view of Defendant Jiangsu Sitouguai Industry, co. Ltd.'s failure to appoint U.S. counsel or otherwise respond to the Board's August 4, 2019, order.

35.     On August 31, 2020, having received no response from Defendant Jiangsu Sitouguai Industry, co. Ltd., the Board entered judgement in favor of Monster.

Complaint

36.     Defendants continued their infringing actions after the Board entered judgment in favor of Monster, and on November 10, 2020, Monster sent a letter demanding that Jiangsu Sitouguai Industry, co. Ltd. cease its infringing actions.  Defendants did not respond to Monster's letter, and on December 8, 2020, Monster sent a follow up letter which, again went unanswered.

37.     On August 3, 2021, Monster made yet another attempt to reach Defendants through local counsel in China, who personally served a demand letter on Defendant Jiangsu Sitouguai Industry, co. Ltd.  Upon receipt, Defendant Jiangsu Sitouguai Industry, co. Ltd. confirmed they would not agree to Monster's demands in the letter.

38.     Thus, Defendants have been aware of Monster's MONSTER Marks and MONSTER Trade Dress since at least as early as May 24, 2019, when Monster filed its Notice of Opposition.  Despite having actual knowledge of Monster's MONSTER Marks and MONSTER Trade Dress, Defendants have refused to cease their infringing conduct.

39.     Without permission or consent from Monster, Defendants have infringed Monster's MONSTER Marks and MONSTER Trade Dress in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell various products using the 4MONSTER Mark, and by using the word MONSTER in combination with the colors green and black, which are confusingly similar to Monster's MONSTER Marks and MONSTER Trade Dress.

40.     Upon information and belief, Defendants' actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Defendants' products and services and are intended to cause consumers and potential customers to believe that Defendants' business, and the goods and services that Defendants offer, are associated with Monster or Monster's family of products when they are not.

41.    By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Monster's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source, origin or relationship of Monster and Defendants or Monster's and Defendants' goods by using the 4MONSTER Mark and by using without Monster's permission or consent the word MONSTER in combination with the colors green and black, which are confusingly similar to Monster's MONSTER Marks and MONSTER Trade Dress.

42.    Upon information and belief, Defendants' acts complained of herein are willful and deliberate.

43.    Defendants' acts complained of herein have caused damage to Monster in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful acts and infringement.   One form of direct economic injury is in the form of lost licensing opportunities for Monster.

44.    Defendants' acts complained of herein have caused Monster to suffer irreparable injury to its business.  Monster will suffer substantial loss of goodwill and reputation, as well as a loss of control of its trademarks and trade dress unless and until Defendants are preliminarily and permanently enjoined from the wrongful acts complained of herein.

## IV.  FIRST CLAIM FOR RELIEF

### (Trademark Infringement, Trade Dress Infringement, and False Designation of Origin Under 15 U.S.C. § 1125(a))

45.    Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-44 of this Complaint as though fully set forth herein.

46.    This is an action for trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a).

Complaint

47.     As a result of the widespread use and promotion of Monster's MONSTER Marks and MONSTER Trade Dress, the marks and trade dress have acquired strong fame and secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the MONSTER Marks and MONSTER Trade Dress with Monster.

48.     Defendants have infringed Monster's MONSTER Marks and MONSTER Trade Dress, and created a false designation of origin, by using in commerce, without Monster's permission, the confusingly similar 4MONSTER Mark, and by using the word MONSTER in combination with the colors green and black in connection with the advertisement, offering for sale, and/or sale of Defendants' goods.

49.     Defendants' actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Monster with Defendants, and/or as to the origin, sponsorship, or approval of Defendants' products or Defendants' commercial activities, in violation of 15 U.S.C. § 1125(a).

50.     Upon information and belief, Defendants did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' products are associated with, sponsored by or approved by Monster, when they are not.

51.     Upon information and belief, Defendants had actual knowledge of Monster's ownership and prior use of the MONSTER Marks and MONSTER Trade Dress, and without the consent of Monster, willfully violated 15 U.S.C. § 1125(a).

52.     Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

53.     Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## V.  SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

54.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-53 of this Complaint as though fully set forth herein.

55.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

56.     Monster owns valid and enforceable federally registered trademarks for the MONSTER Marks, including at least the registrations listed in paragraph 11 above.

57.     Defendants have used in commerce, without permission from Monster, colorable imitations, and/or confusingly similar marks to Monster's MONSTER Marks that are the subject of at least Monster's U.S. Trademark Registration Nos. 3,923,683; 3,908,601; 5,551,192; 5,551,230; 3,908,600; 3,914,828; 4,332,062; 4,660,598; 3,044,315; 4,036,680; 4,129,288; 4,111,964; 4,036,681; 3,057,061; 4,634,053; 3,959,457; 3,044,314; 3,852,118; 3,134,842; 4,376,796; 4,451,535; 4,716,750; 5,281,559; 4,234,456; and 4,865,702, in connection with the advertising, marketing, and/or promoting of Defendants' products, including bags, towels, blankets, clothing and related goods, as well as other products. Such use is likely to cause confusion or mistake, or to deceive.

58.     The activities of Defendants complained of herein constitute willful and intentional infringements of Monster's registered marks, and Defendants did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' products are associated with,

sponsored by, originated from, or are approved by, Monster, when they are not.

59.     Upon information and belief, Defendants had actual knowledge of Monster's ownership and prior use of the MONSTER Marks, and had actual knowledge that Defendants' actions constituted infringement of Monster's MONSTER Marks, and have willfully violated 15 U.S.C. § 1114.

60.     Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

61.     Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VI.  <u>THIRD CLAIM FOR RELIEF</u>

### (Trademark Infringement Under California Business & Professions Code § 14245)

62.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-61 of this Complaint as though fully set forth herein.

63.     This is a claim for trademark infringement under California Business and Professions Code § 14245.

64.     Defendants have used in commerce, without permission from Monster, colorable imitations, and/or confusingly similar marks to Monster's MONSTER mark that is the subject of Monster's California Registration No. 108124 in connection with the advertising, marketing, and/or promoting of Defendants' products, including bags, towels, blankets, clothing and related goods, as well as other products. Such use is likely to cause confusion or mistake, or to deceive.

65.     The activities of Defendants complained of herein constitute willful and intentional infringements of Monster's registered mark, and Defendants did so with the intent to trade upon Monster's reputation and goodwill by causing

confusion and mistake among customers and the public and to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by, Monster, when they are not.

66.    Upon information and belief, Defendants had actual knowledge of Monster's ownership and prior use of the MONSTER trademark and have willfully violated California Business and Professions Code § 14245.

67.    Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

68.    Defendants' infringing acts were performed with willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Monster, the trademark registrant, and therefore Monster is entitled to exemplary damages under California law.

69.    Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VII.  FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under California Business & Professions Code §§ 17200 *et seq.*)

70.    Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-69 of this Complaint as though fully set forth herein.

71.    This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

72.    By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among consumers and the public and have unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

73.     Defendants' acts complained of herein constitute trademark infringement, trade dress infringement, unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Monster.

74.     Defendants' acts complained of herein have resulted in harm to Monster's property rights in its trademarks and trade dress through harm to Monster's reputation and goodwill, have resulted in lost royalty income, and have caused economic injury to Monster.

75.     Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

### VIII.  FIFTH CLAIM FOR RELIEF
### (California Common Law Unfair Competition)

76.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-75 of this Complaint as though fully set forth herein.

77.     This is an action for unfair competition under the common law of the State of California.

78.     Defendants' acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

79.     By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Monster in violation of the common law of the State of California.

80.     Defendants' aforementioned acts have damaged Monster in an amount to be determined at trial.

81.     Defendants have irreparably injured Monster.   Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

82.     Defendants' willful acts of unfair competition under California common law constitute fraud, oppression and malice.  Accordingly, Monster is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## IX.  **PRAYER FOR RELIEF**

WHEREFORE, Monster prays for judgment against Defendants as follows:

1.     That the Court render a final judgment in favor of Monster and against Defendants on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the MONSTER Marks and MONSTER Trade Dress by using a false designation of origin, through the marketing, sale and promotion of Defendants' products, including bags, towels, blankets, clothing and related goods;

3.     That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Monster's trademark rights in at least the marks that are the subject of the U.S. Trademark Registration Nos. 3,923,683; 3,908,601; 5,551,192; 5,551,230; 3,908,600; 3,914,828; 4,332,062; 4,660,598; 3,044,315; 4,036,680; 4,129,288; 4,111,964; 4,036,681; 3,057,061; 4,634,053; 3,959,457; 3,044,314; 3,852,118; 3,134,842; 4,376,796; 4,451,535; 4,716,750; 5,281,559; 4,234,456; and 4,865,702;

4.     That the Court render a final judgment declaring that Defendants have violated California Business and Professions Code § 14245;

5.     That the Court render a final judgment declaring that Defendants have violated California Business and Professions Code §§ 17200, *et seq.* by

committing trademark infringement, trade dress infringement, and unfairly competing with Monster;

6.　　That the Court render a final judgment declaring Defendants have violated California common law by unfairly competing with Monster;

7.　　That Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

　　　　a.　　using the 4MONSTER Mark in connection with the advertising, promotion, or sale of bags, towels, blankets, clothing and related goods, using any of the MONSTER Marks or MONSTER Trade Dress, in connection with Defendants' products, using any of the MONSTER Marks or MONSTER Trade Dress in advertising or promoting Defendants' products, and/or using confusingly similar variations of any of the MONSTER Marks or MONSTER Trade Dress in any manner that is likely to create the impression that Defendants' products originate from Monster, are endorsed by Monster, or are connected in any way with Monster;

　　　　b.　　manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing any of the MONSTER Marks or MONSTER Trade Dress, and/or any confusingly similar marks or trade dress;

　　　　c.　　filing any applications or continuing to pursue any applications for registration of any trademarks, trade dress, or designs confusingly similar to the MONSTER Marks or MONSTER Trade Dress;

　　　　d.　　otherwise infringing any of the MONSTER Marks or any of Monster's other trademarks, or Monster's MONSTER Trade Dress;

e.      falsely designating the origin of Defendants' products;

f.      unfairly competing with Monster in any manner whatsoever; and

g.      causing a likelihood of confusion or injury to Monster's business reputation;

8.      That Defendants be directed to file with this Court and serve on Monster within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction pursuant to 15 U.S.C. § 1116.

9.      That Defendants be required to account to Monster for any and all profits derived by Defendants and all damages sustained by Monster by virtue of Defendants' acts complained of herein;

10.     That Defendants be ordered to pay over to Monster all damages which Monster has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

11.     That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

12.     That Monster be awarded exemplary damages from Defendants pursuant to Cal. Civ. Code. § 3294;

13.     That Defendants' actions be deemed willful;

14.     That an award of reasonable costs, expenses, and attorneys' fees be awarded to Monster pursuant to at least 15 U.S.C. § 1117;

15.     That Defendants be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing the 4MONSTER Mark, any of the MONSTER Marks or MONSTER Trade Dress, or any confusingly similar marks or trade dress, pursuant to 15 U.S.C. § 1118;

16.   That Monster be awarded restitution and disgorgement; and

17.   That Monster be awarded such other and further relief as this Court may deem just.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  April 27, 2022          By:  */s/ Matthew S. Bellinger*
                                    Steven J. Nataupsky
                                    Lynda J. Zadra-Symes
                                    Matthew S. Bellinger
                                    Jacob R. Rosenbaum

                                    Attorneys for Plaintiff,
                                    MONSTER ENERGY COMPANY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR TRIAL BY JURY**

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Monster Energy Company hereby demands a trial by jury on all issues so triable.

                              Respectfully submitted,

                              KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  April 27, 2022        By:  */s/ Matthew S. Bellinger*
                                  Steven J. Nataupsky
                                  Lynda J. Zadra-Symes
                                  Matthew S. Bellinger
                                  Jacob R. Rosenbaum

                                  Attorneys for Plaintiff,
                                  MONSTER ENERGY COMPANY

# EXHIBIT 1

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,923,683**

**Registered Feb. 22, 2011**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: ALL PURPOSE SPORT BAGS; ALL-PURPOSE CARRYING BAGS; BACKPACKS; DUFFLE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 5-0-2004; IN COMMERCE 5-0-2004.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND THE STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,810, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

Exhibit 1
- 33 -

# EXHIBIT 2

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,908,601**

**Registered Jan. 18, 2011**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE SUITE 201
CORONA, CA 92880

FOR: CLOTHING, NAMELY, T-SHIRTS, HOODED SHIRTS AND HOODED SWEATSHIRTS, SWEAT SHIRTS, JACKETS, PANTS, BANDANAS, SWEAT BANDS AND GLOVES; HEADGEAR, NAMELY, HATS AND BEANIES , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,822, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Exhibit 2
- 34 -

# EXHIBIT 3

# United States of America

## United States Patent and Trademark Office

# MONSTER ARMY

**Reg. No. 5,551,192**

**Registered Aug. 28, 2018**

**Int. Cl.: 25, 41**

**Service Mark**

**Trademark**

**Principal Register**

Monster Energy Company  (DELAWARE CORPORATION)
1 Monster Way
Corona, CALIFORNIA 92879

CLASS 25: Clothing, namely, tops, shirts, T-shirts, hooded shirts, sweat shirts, and jackets

FIRST USE 5-00-2010; IN COMMERCE 5-00-2010

CLASS 41: Providing a web site featuring entertainment information and news on athletes; organizing and conducting educational programs and activities in the nature of classes, workshops, and sports competitions for athletes in the field of athlete development; athlete development program, namely, athlete training and mentoring in the field of wake, ski, surf, snowboard, motocross, mountain bike, BMX, and skate

FIRST USE 5-00-2005; IN COMMERCE 5-00-2005

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-822,049, FILED 11-16-2015



Director of the United States
Patent and Trademark Office

Exhibit 3
- 35 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse)  and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

Exhibit 3
- 36 -

# EXHIBIT 4

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,551,230**

**Registered Aug. 28, 2018**

**Int. Cl.: 25, 41**

**Service Mark**

**Trademark**

**Principal Register**

Monster Energy Company  (DELAWARE CORPORATION)
1 Monster Way
Corona, CALIFORNIA 92879

CLASS 25: Clothing, namely, tops, shirts, T-shirts, hooded shirts, sweat shirts, and jackets

FIRST USE 5-00-2010; IN COMMERCE 5-00-2010

CLASS 41: Providing a web site featuring entertainment information and news on athletes; organizing and conducting educational programs and activities in the nature of classes, workshops, and sports competitions for athletes in the field of athlete development; athlete development program, namely, athlete training and mentoring in the field of wake, ski, surf, snowboard, motocross, mountain bike, BMX, and skate

FIRST USE 5-00-2005; IN COMMERCE 5-00-2005

The mark consists of a bird with outspread wings with a shield over its chest bearing a stylized letter "M" with the word "MONSTER ARMY" written between two five-pointed stars on a ribbon below the shield. The bottom of the bird and three five-pointed starts appear below the ribbon.

SER. NO. 86-906,378, FILED 02-12-2016



Director of the United States
Patent and Trademark Office

Exhibit 4
- 37 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years  after  the  registration  date.  See  15  U.S.C.  §§1058,  1141k.  If  the  declaration  is  accepted,  the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse)  and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT 5

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,908,600**

**Registered Jan. 18, 2011**

**Int. Cl.: 16**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE SUITE 201
CORONA, CA 92880

FOR: STICKERS; STICKER KITS COMPRISING STICKERS AND DECALS; DECALS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,747, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

Exhibit 5
- 39 -

# EXHIBIT 6

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,914,828**

**Registered Feb. 1, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

FOR: SPORTS HELMETS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-0-2006; IN COMMERCE 1-0-2006.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND THE STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,362, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

Exhibit 6
- 40 -

# EXHIBIT 7

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,332,062**
**Registered May 7, 2013**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

**Int. Cl.: 14**

FOR: SILICONE WRIST BANDS; SILICONE BRACELETS; JEWELRY, NAMELY, BRACELETS
AND WRISTBANDS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

**TRADEMARK**

FIRST USE 12-0-2006; IN COMMERCE 12-0-2006.

**PRINCIPAL REGISTER**

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,841, AND 3,134,842.

THE MARK CONSISTS OF A STYLIZED LETTER "M" TO THE LEFT OF THE STYLIZED
WORDS "MONSTER ENERGY".

SER. NO. 85-747,244, FILED 10-5-2012.

REGINA DRUMMOND, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

Exhibit 7
- 41 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,332,062

Exhibit 7
- 42 -

# EXHIBIT 8

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,660,598**

**Registered Dec. 23, 2014**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

**Int. Cl.: 22**

**TRADEMARK**

**PRINCIPAL REGISTER**

FOR: LANYARDS; LANYARDS FOR HOLDING WHISTLES, KEYS, EYEGLASSES, SUNGLASSES, MOBILE TELEPHONES, BADGES, IDENTIFICATION CARDS, EVENT PASSES, MEDIA PASSES, PHOTOGRAPHS, RECORDING EQUIPMENT, OR SIMILAR CONVENIENCES, IN CLASS 22 (U.S. CLS. 1, 2, 7, 19, 22, 42 AND 50).

FIRST USE 12-20-2006; IN COMMERCE 12-20-2006.

OWNER OF U.S. REG. NOS. 3,134,841, 3,134,842, AND 4,332,062.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW TO THE LEFT OF THE STYLIZED WORDS "MONSTER ENERGY". THE WORD "MONSTER" APPEARS ABOVE THE WORD "ENERGY" AND FEATURES A SLASH MARK THROUGH THE LETTER "O".

SN 86-048,359, FILED 8-26-2013.

ZHALEH DELANEY, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

Exhibit 8
- 43 -

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL**
> **TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE**
> **DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or**
> **reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,660,598

Exhibit 8
- 44 -

# EXHIBIT 9

**Int. Cl.: 5**

**Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52**

Reg. No. 3,044,315

## United States Patent and Trademark Office

Registered Jan. 17, 2006

### TRADEMARK
### PRINCIPAL REGISTER

## MONSTER ENERGY

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID AND NON-LIQUID FORM, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-253,933, FILED 5-23-2003.

SUSAN HAYASH, EXAMINING ATTORNEY

Exhibit 9
- 45 -

# EXHIBIT 10



# United States of America
## United States Patent and Trademark Office

# MONSTER ENERGY

**Reg. No. 4,036,680**

**Registered Oct. 11, 2011**

**Int. Cl.: 5**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,044,314, 3,057,061 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 77-276,979, FILED 9-11-2007.

MICHAEL WIENER, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

Exhibit 10
- 46 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Exhibit 10
- 47 -

EXHIBIT 11



# MONSTER REHAB

**Reg. No. 4,129,288**
**Registered Apr. 17, 2012**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

**Int. Cls.: 5 and 32**

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

**TRADEMARK**

FIRST USE 3-2-2011; IN COMMERCE 3-2-2011.

**PRINCIPAL REGISTER**

FOR: BEVERAGES, NAMELY, NON-ALCOHOLIC NON-CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, PROTEINS, AMINO ACIDS AND/OR HERBS; NON-CARBONATED ENERGY OR SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF-STABLE; ALL THE FOREGOING GOODS EXCLUDE PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-2-2011; IN COMMERCE 3-2-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,057,061, 3,353,473, AND OTHERS.

SN 85-078,405, FILED 7-6-2010.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

Exhibit 11
- 48 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

    *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

    *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

    You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,129,288

Exhibit 11
- 49 -

# EXHIBIT 12



# United States of America
## United States Patent and Trademark Office

# MONSTER REHAB

**Reg. No. 4,111,964**

**Registered Mar. 13, 2012**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: READY TO DRINK TEA, ICED TEA AND TEA BASED BEVERAGES; READY TO DRINK FLAVORED TEA, ICED TEA AND TEA BASED BEVERAGES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-0-2011; IN COMMERCE 2-0-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-406,210, FILED 8-24-2011.

RONALD DELGIZZI, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Exhibit 12

- 50 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,111,964

Exhibit 12
- 51 -

# EXHIBIT 13



# United States of America

## United States Patent and Trademark Office

# MONSTER ENERGY

**Reg. No. 4,036,681**

**Registered Oct. 11, 2011**

**Int. Cl.: 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, ENERGY DRINKS, EXCLUDING PER-
ISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, IN CLASS 32
(U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE
MARK AS SHOWN.

SER. NO. 77-276,989, FILED 9-11-2007.

MICHAEL WIENER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Exhibit 13
- 52 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,036,681

Exhibit 13

# EXHIBIT 14

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46 and 48**

Reg. No. 3,057,061

## United States Patent and Trademark Office

Registered Feb. 7, 2006

### TRADEMARK
**PRINCIPAL REGISTER**

## MONSTER ENERGY

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, CARBONATED SOFT DRINKS, CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, AERATED WATER, SODA WATER AND SELTZER WATER, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER

SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-122,679, FILED 4-18-2002.

ANN E. SAPPENFIELD, EXAMINING ATTORNEY

Exhibit 15
- 54 -

# EXHIBIT 15



# MONSTER ASSAULT

**Reg. No. 4,634,053**
**Registered Nov. 4, 2014**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

**Int. Cls.: 5 and 32**

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM; VITAMIN FORTIFIED BEVERAGES, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

**TRADEMARK**

FIRST USE 5-0-2008; IN COMMERCE 5-0-2008.

**PRINCIPAL REGISTER**

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, ENERGY DRINKS, ENERGY DRINKS FLAVORED WITH JUICE, SPORTS DRINKS, ALL ENHANCED WITH VITAMINS, MINER-ALS, NUTRIENTS, PROTEINS, AMINO ACIDS, AND/OR HERBS, BUT EXCLUDING PER-ISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 5-0-2008; IN COMMERCE 5-0-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,357,068, 3,924,797, AND 3,949,989.

SN 86-120,138, FILED 11-15-2013.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

**Deputy Director of the United States Patent and Trademark Office**

Exhibit 15
- 55 -

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,634,053

Exhibit 15
- 56 -

# EXHIBIT 16



# United States of America
## United States Patent and Trademark Office

# JAVA MONSTER

**Reg. No. 3,959,457**

**Registered May 10, 2011**

**Int. Cl.: 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: BEVERAGES, NAMELY, SOFT DRINKS; NON-CARBONATED ENERGY DRINKS; NON-CARBONATED SPORTS DRINKS; SOFT DRINKS AND NON-CARBONATED ENERGY DRINKS, ALL ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS, AND/OR HERBS, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 4-27-2007; IN COMMERCE 4-27-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,044,314 AND 3,044,315.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "JAVA" , APART FROM THE MARK AS SHOWN.

SN 78-769,836, FILED 12-8-2005.

RAMONA ORTIGA, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Exhibit 16
- 57 -

EXHIBIT 17

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

Reg. No. 3,044,314

## United States Patent and Trademark Office

Registered Jan. 17, 2006

## TRADEMARK
### PRINCIPAL REGISTER

## M MONSTER ENERGY

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID AND NON-LIQUID FORM, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-253,930, FILED 5-23-2003.

SUSAN HAYASH, EXAMINING ATTORNEY

Exhibit 17
- 58 -

# EXHIBIT 18



# United States of America
## United States Patent and Trademark Office

## LO-CARB MONSTER ENERGY

**Reg. No. 3,852,118**

**Registered Sep. 28, 2010**

**Int. Cls.: 5 and 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 8-0-2003; IN COMMERCE 8-0-2003.

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, ENERGY DRINKS, DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 8-0-2003; IN COMMERCE 8-0-2003.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LO-CARB" AND "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 77-670,729, FILED 2-13-2009.

JILL PRATER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Exhibit 18
- 59 -

# EXHIBIT 19

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46 and 48**

**United States Patent and Trademark Office**

Reg. No. 3,134,842

Registered Aug. 29, 2006

## TRADEMARK
### PRINCIPAL REGISTER

## M MONSTER ENERGY

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: BEVERAGES, NAMELY, CARBONATED SOFT DRINKS, CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, CARBONATED AND NON-CARBONATED ENERGY OR SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, AND WATER, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-246,573, FILED 5-7-2003.

AMY HELLA, EXAMINING ATTORNEY

Exhibit 19
- 60 -

# EXHIBIT 20



# MUSCLE MONSTER

**Reg. No. 4,376,796**

**Registered July 30, 2013**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

**Int. Cls.: 5 and 32**

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

**TRADEMARK**

FIRST USE 3-18-2013; IN COMMERCE 3-18-2013.

**PRINCIPAL REGISTER**

FOR: BEVERAGES, NAMELY, SOFT DRINKS; NON-ALCOHOLIC AND NON-CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, PROTEINS, AMINO ACIDS AND/OR HERBS; NON-CARBONATED ENERGY OR SPORTS DRINKS; ALL THE FOREGOING GOODS EXCLUDE PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-18-2013; IN COMMERCE 3-18-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

SN 85-077,052, FILED 7-2-2010.

GRETCHEN ULRICH, EXAMINING ATTORNEY

Acting Director of the United States Patent and Trademark Office

Exhibit 20
- 61 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

>   *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the
>   5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
>   accepted, the registration will continue in force for the remainder of the ten-year period, calculated
>   from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
>   federal court.

>   *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an
>   Application for Renewal between the 9th and 10th years after the registration date.\*
>   *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

>   You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
>   every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO.  The time periods for filing are
based on the U.S. registration date (not the international registration date).  The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications
at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the
USPTO website for further information.   With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

Page: 2 / RN # 4,376,796

Exhibit 20
- 62 -

EXHIBIT 21



# MUSCLE MONSTER

**Reg. No. 4,451,535**

**Registered Dec. 17, 2013**

**Int. Cls.: 5, 29 and 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

FOR: VITAMIN FORTIFIED BEVERAGES, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-18-2013; IN COMMERCE 3-18-2013.

FOR: DAIRY-BASED BEVERAGES; DAIRY-BASED ENERGY SHAKES; ENERGY SHAKES; COFFEE ENERGY SHAKES; CHOCOLATE ENERGY SHAKES, IN CLASS 29 (U.S. CL. 46).

FIRST USE 3-18-2013; IN COMMERCE 3-18-2013.

FOR: READY TO DRINK COFFEE BASED BEVERAGES; READY TO DRINK CHOCOLATE-BASED BEVERAGES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-18-2013; IN COMMERCE 3-18-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,966,554, 4,036,680 AND OTHERS.

SER. NO. 86-006,264, FILED 7-10-2013.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

Commissioner for Trademarks of the
United States Patent and Trademark Office

Exhibit 21
- 63 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,451,535

Exhibit 21
- 64 -

EXHIBIT 22



# United States of America
## United States Patent and Trademark Office

# JUICE MONSTER

**Reg. No. 4,716,750**

**Registered Apr. 7, 2015**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

**Int. Cls.: 5 and 32**

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

**TRADEMARK**

FIRST USE 6-23-2014; IN COMMERCE 6-23-2014.

**PRINCIPAL REGISTER**

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, ENERGY DRINKS AND DRINKS EN-
HANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS,
BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE
OR SOY, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-23-2014; IN COMMERCE 6-23-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,936,161 AND 3,939,395.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "JUICE" , APART FROM THE
MARK AS SHOWN.

SN 85-552,165, FILED 2-24-2012.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

Director of the United States
Patent and Trademark Office

Exhibit 22
- 65 -

<div style="border:1px solid black;">

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,716,750

Exhibit 22
- 66 -

# EXHIBIT 23

# United States of America

## United States Patent and Trademark Office

## MONSTER ENERGY ULTRA

**Reg. No. 5,281,559**

**Registered Sep. 05, 2017**

**Int. Cl.: 5, 32**

**Trademark**

**Principal Register**

Monster Energy Company (DELAWARE CORPORATION)
1 Monster Way
Corona, CA 92879

CLASS 5: Nutritional supplements in liquid form

FIRST USE 2-5-2014; IN COMMERCE 2-5-2014

CLASS 32: Non-alcoholic beverages, namely, carbonated soft drinks, carbonated energy drinks, sports drinks, and soft drinks; energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs

FIRST USE 2-5-2014; IN COMMERCE 2-5-2014

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4534414, 4036680, 4532292

No claim is made to the exclusive right to use the following apart from the mark as shown: "ENERGY"

SER. NO. 86-307,787, FILED 06-12-2014
GEOFFREY A FOSDICK, EXAMINING ATTORNEY

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

Exhibit 23
- 67 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\*  See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a  Declaration of Use  (or  Excusable Nonuse)  and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

EXHIBIT 24



# United States of America
### United States Patent and Trademark Office

# UBERMONSTER

**Reg. No. 4,234,456**
**Registered Oct. 30, 2012**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

**Int. Cls.: 5 and 32**

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

**TRADEMARK**

FIRST USE 2-0-2012; IN COMMERCE 2-0-2012.

**PRINCIPAL REGISTER**

FOR: BEVERAGES, NAMELY, CARBONATED SOFT DRINKS; NON-ALCOHOLIC CAR-BONATED SOFT DRINKS AND ENERGY DRINKS ENHANCED WITH VITAMINS, MINER-ALS, NUTRIENTS, PROTEINS, AMINO ACIDS AND/OR HERBS; CARBONATED ENERGY DRINKS AND SPORTS DRINKS, ALL THE FOREGOING GOODS EXCLUDE PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 2-0-2012; IN COMMERCE 2-0-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

SN 85-081,796, FILED 7-9-2010.

COLLEEN KEARNEY, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

Exhibit 24
- 69 -

> ## REQUIREMENTS TO MAINTAIN YOUR FEDERAL
> ## TRADEMARK REGISTRATION
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Exhibit 24
- 70 -

# EXHIBIT 25

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,865,702**
**Registered Dec. 8, 2015**

**Int. Cls.: 5 and 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, CARBONATED SOFT DRINKS; CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, PROTEINS, AMINO ACIDS AND/OR HERBS; CARBONATED ENERGY DRINKS AND SPORTS DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

OWNER OF U.S. REG. NOS. 4,036,680 AND 4,036,681.

THE COLOR(S) GREEN, BLACK, AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW DISPLAYED IN GREEN ABOVE THE STYLIZED WORD "MONSTER" WHICH APPEARS IN THE COLOR WHITE, WHICH IS ABOVE THE WORD "ENERGY" WHICH APPEARS IN THE COLOR GREEN, ALL ON A BLACK BACKGROUND.

SER. NO. 86-521,176, FILED 2-2-2015.

GEOFFREY FOSDICK, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

Exhibit 25
- 71 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,865,702

Exhibit 25
- 72 -